Stewabt, J.
In the declaratory judgment causes, appellant Joseph A. Pidgeon assigns as error the affirmance by the Court of Appeals of the trial court’s holding that the surviving partners have a right and obligation to purchase shares of the deceased partner’s interest in amounts disproportionate to percentages of interests already owned by such surviving partners; and the affirmance by the Court of Appeals of the trial court’s holding that, in the event the executors elect that the interest of the deceased partner should remain in the business, such executors shall have all the voting rights that the father had during his lifetime.
The executors, having filed cross-appeals in this court, assign as error the affirmance by the Court of Appeals of the *503 Probate Court’s bolding that the executors have no option, under the partnership agreement, to refuse to elect to have their decedent’s interest in the business remain in the partnership and to transfer it under the decedent’s will.
We are of the opinion that the assignments of error of appellant Joseph A. Pidgeon are well taken.
Prom the time they came into the business, the sons gave all their time and attention to it. They received no salaries but were only rewarded by the distributive share of the profits. It is true that their share of the profits was out of proportion to their share of the ownership of the business, but that was the reward for their continuous efforts. On the other hand, the daughter had only a two per cent interest. Her share of the profits was limited to the two per cent, and, as between the partners, she was liable for only two per cent of the losses. She had little to do with the business, except for a few months as an employee on a salary.
Although no mention is made in the partnership agreement as to the proportionate amounts of a decedent’s interest the surviving partners may purchase, it seems inconceivable that it could have been the intention in the agreement to give the daughter a right to purchase an equal amount with the sons, in the light of the fact that her interest came to her by inheritance from her mother, with a trifle added to make it an even two per cent, whereas the sons acquired most of their interests by purchase and by their lifetime efforts contributed so greatly to making the business a success.
It is true that under the partnership agreement the daughter had an equal vote with each of the other partners in the important affairs of the company, but it seems to us that such fact would not outweigh the greatly superior equities in the sons to have the privilege of keeping all the remaining interests in the partnership in the same proportion as they had been prior to the father’s death.
With reference to the voting rights of the executors, there is nothing in the partnership agreement concerning them, and, in our opinion, without express authority the executors do not have such rights.
The agreement provides that upon the death of a partner *504 his interest may, at the option of his executor, remain in the partnership for a period not exceeding five years from the date of the death of the deceased partner, during which time his estate shall be entitled to receive the same share of the profits as the deceased would have received had he been living. If the executor chooses, or at the end of five years after the death, the interest of the deceased partner must be taken over by the surviving partners at book value, plus 25 per cent. There is nothing in the agreement which even hints at the executors being allowed to manage, control, or have a voice in the business of the partnership.
As to the assignment of error of the executors in their cross-appeals, it is their claim that under the partnership agreement they have an option to remain in the partnership or not to remain, and that they have a right to exercise the option not to remain, in which event the surviving partners have no right to purchase the decedent’s interest, and such interest passes under the will of the father.
We do not so interpret the partnership agreement.
Where it says that the decedent’s interest may, at the option of his executors, remain in the partnership for the five-year period, but upon the request of the executors, or at the end of five years, the interest must be taken over by the surviving partners, it conveys the meaning that the interest is in the partnership at the decedent’s death, that it stays there for five years unless the executors exercise their option to require the surviving partners to purchase the interest under the terms of the contract, which must be purchased, in any event, after the expiration of the five years if the executors have not exercised the option to require the purchase prior to that time. The interest is already in the business. It remains there for five years if nothing is done, and the option refers to the right of the executors to require a purchase of the interest prior to the end of the five-year period.
In the will construction cause, the appellant Joseph A. Pidgeon claims that the Court of Appeals erred in affirming the trial court’s holding that the accrued distributive earnings from the interest owned by the father from July 1, 1953, to his death on February 2, 1954, less his withdrawals, are a part of the *505 residue of the father’s estate; that such court erred in affirming the trial court’s holding that, in the event the executors participate in the partnership business for a period of time and then later elect to sell the father’s interest to the surviving partners, all moneys earned by the father’s share from such participation shall be disposed of in accordance with the residuary clause of the father’s will; that the Court of Appeals erred in affirming the trial court’s holding that, if the father’s interest in the partnership is sold, without the executors electing to remain in such partnership, such share shall revert in its legal effect to the date of the death of the father, and all moneys earned by the interest, from the date of his death, shall be as if such interest had come into the possession of the buyer on February 2, 1954, the date of the death; that the Court of Appeals erred in affirming the trial court’s holding that the earnings, after the purchase of the father’s interest by surviving partners, shall be divided in accordance with the proportional interest each surviving partner shall purchase; and that the Court of Appeals erred in affirming the trial court’s holding that a transfer of the father’s interest in the partnership to the beneficiaries, under item VI of the father’s will, would be subject to the right of the daughter to purchase not less than one-third of such interest at book value, plus 25 per cent.
The executors, in their cross-appeals, claim that the Court of Appeals erred in affirming the holding of the Probate Court that the bequest of the father’s interest in the partnership is subject to the rights and duties in the father’s surviving partners, as evidenced by the partnership agreement, as such rights and duties were determined in the declaratory judgment causes.
The daughter filed assignments of error to the effect that the court erred in holding that the sons have the right to receive and retain the purchase price or consideration to be given for the father’s partnership interest.
Motions were filed to strike such assignments of error, for the reason that the daughter had not filed a notice of appeal.
In view of the conclusion at which we have arrived, it is not necessary to discuss those motions, and, therefore, for the purposes herein, the motions are overruled.
With reference to the assignments of error of appellant *506 Joseph A. Pidgeon, we are of the opinion that they are well taken. As we hereinafter discuss, the interest of the father was not adeemed, and, although it can not specifically pass under his will to the sons because of the restrictions of the partnership contract, in the absence of ademption the proceeds from the sale of it do pass under the will. If the specific interest had passed under the will, any earnings which had accrued to it would pass with the specific legacy, and it follows that such earnings must likewise pass with the purchase price. Therefore, such earnings do not go into the residuary estate of the father but pass, as a bequest, to his sons. Under the equitable maxim, that that which should have been done is considered as done, we hold tha,t both the earnings which had accrued upon his interest at the time of the father’s death, as well as those which accrued thereafter, passed to the estate of the father at the time of the accrual.
We have already discussed the assignment of errors relied upon by the executors and have found it to be not well taken.
With reference to the assignment of error of the daughter, namely, that the court below erred in holding that the sons have the right to receive and retain the purchase price or consideration to be given for the father’s interest, the daughter’s claim is that under item VI of the will the sons are bequeathed a specific thing, that is, all the right, title and interest in the assets of the partnership, that is to say, the father’s percentage ownership thereof, and that this bequest could not be transferred tó the sons because it was controlled by the partnership contract.
With this proposition we are in accord.
The daughter then contends that, since the bequest can not pass to the sons under the will and since the bequest is a specific thing, when the specific thing is sold under the terms of the contract, the proceeds can not go to the sons for the reason that they are not the property bequeathed. As a matter of fact, the daughter really claims that the bequest to the sons has been adeemed.
We are of the opinion that the courts below were correct in holding that there was no such ademption. An ademption takes place where a thing bequeathed is not in existence at the time of the decease of the testator, or where a testator in his *507 lifetime has made a gift or provision for the legatee as a substitute for tbe bequest and evidencing an intention to revoke or cancel it. Tbis condition is not present in tbe instant situation. Here tbe testator’s ownership interest in tbe partnership was in existence at bis decease and be bad made no substitute provision to take its place.
It follows that tbe lower courts were correct in following tbe rule that where property which is tbe subject of a specific bequest is in existence at testator’s death, but subject to an agreement to purchase, which option is exercised, no ademption results, and tbe legatee is entitled to receive the proceeds of tbe sale of tbe property in lieu of tbe specific property.
Accordingly, we affirm tbe judgments of tbe Court of Appeals so far as they bold that tbe will of tbe father is subject to tbe partnership agreement, and that the proceeds of any sale of tbe father’s interest to tbe surviving partners pass to tbe sons under tbe father’s will.
However, we reverse tbe judgments of tbe court so far as they bold that tbe sons and daughter each has a right under tbe partnership agreement to purchase equal shares of tbe lather’s partnership interest, but bold that their purchases must be in proportion to their present interests in the partnership.
We further reverse tbe judgments of tbe court below so far as they bold that tbe executors must make a specific election to remain in tbe partnership, that they have tbe right to vote as long as they do remain therein, or that tbe earnings of tbe partnership interest of tbe deceased father pass under tbe residual clause of tbe father’s will.
Further, tbe causes are remanded to tbe Probate Court for further proceedings in accordance with tbis opinion.

Judgments accordingly.

Weygawdt, C. J., Zimmebmaw, Taet, Matthias and Heebekt, JJ., concur.